461 So.2d 1003 (1984)
Johnny Eugene DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. AX-47.
District Court of Appeal of Florida, First District.
December 21, 1984.
Michael E. Allen, Public Defender, and Paula S. Saunders, Asst. Public Defender, Tallahassee, for appellant.
*1004 Jim Smith, Atty. Gen., and David P. Gauldin, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Appellant, pursuant to plea negotiations with the State, pled guilty to aggravated assault. Appellant's sentencing guidelines scoresheet shows a recommended/presumptive sentence of any nonstate prison sanction. The trial court did not find any clear and convincing reasons to deviate from the recommended sentence and placed appellant in a community control program for five years with the condition, among others, that appellant spend twelve months in the Duval County jail. Appellant contends that his placement in community control for a five year period was error. We agree and reverse and remand.
Initially, contrary to appellant's first contention, we find and hold that community control is a proper sanction to be imposed by a trial court under the sentencing guidelines category of any nonstate prison sanction for the reasons expressed in Mitchell v. State, No. AX-361, 463 So.2d 416 (Fla. 1st DCA 1985).
We agree, however, with appellant's second contention that the trial court erred in placing appellant in a community control program for five years. RCrP 3.701(d)(13) provides that when community control is imposed, it shall not exceed the term provided by general law. Chapter 948, Florida Statutes (1983) sets forth pertinent provisions relating to community control and probation. Section 948.01(5), Florida Statutes (1983), provides in part:
The sanctions imposed by order of the court shall be commensurate with the seriousness of the offense. When supervision or a program of public service is ordered by the court, the duration of such supervision or program may not be longer than the sentence that could have been imposed if the offender had been committed for the offense or a period not to exceed 2 years, whichever is less.
We interpret the above provision as applying to both probation and community control, since both community control and probation involve supervision. See section 948.001(2) (probation means a form of community supervision); section 948.03(2) (the court shall require intensive supervision and surveillance for an offender placed into community control). In addition, community control may include mandatory public service. Section 948.03(2)(c), Florida Statutes (1983).
The placement of an offender on probation or into community control therefore is limited to a maximum of two years, unless an exception to this general provision exists. Such an exception is provided in section 948.04(1), Florida Statutes, for probation. However, we have been unable to find, and the parties have not informed us of, any such exception for the placement of an offender into community control. Accordingly, we find and hold that the placement of an offender into community control is limited to two years.
The trial court's order which placed appellant into community control for a five year period therefore is vacated and this cause is reversed and remanded for disposition in accord with the sentencing guidelines and this opinion.
REVERSED and REMANDED.
WENTWORTH and NIMMONS, JJ., concur.