SHARP, Judge,
concurring specially.
Bowker pled guilty to burglary of a conveyance [1] and petit theft,[2] and was sentenced to five years supervised probation. It did not purport to be a departure sentence. Fla.R.Crim.P. 3.701(d)(ll). His sentencing scoresheet totaled twenty-two points, which placed him in the presumptive sentence category of any nonstate prison sanction.
The Anders brief filed in this case on Bowker’s behalf takes the position that we lack jurisdiction to hear this appeal pursuant to Florida Rule of Appellate Procedure 9.140(b) and Robinson v. State, 373 So.2d 898 (Fla.1979). That concession is erroneous. We have jurisdiction to review all sentences rendered in guidelines cases, without regard to whether the defendant pled guilty or nolo contendere. Key v. State, 452 So.2d 1147 (Fla. 5th DCA), rev. denied, 459 So.2d 1041 (Fla.1984).
I agree the sentence in this case should be affirmed. In my view, probation, when not coupled with a state prison term, is not limited as to its length under the guidelines. See Committee Note to Fla.R.Crim.P. 3.701(d)(8).[3] See also Davis v. State, 461 So.2d 1003 (Fla. 1st DCA 1984). Under that committee note, the trial court may impose any “lawful term” of probation. Any lawful term of probation means any term that is within the general law. See § 948.01(8), Fla.Stat. (1983); see also Davis.

. §§ 810.02(1) & (3), Fla.Stat. (1983).

. § 812.014(l)(c), Fla.Stat. (1983).

. The Committee Note to Florida Rule of Criminal Procedure 3.701(d)(8), provides, in pertinent part, "The first guideline cell in each category (any nonstate prison sanction) allows the court the flexibility to impose any lawful term of probation with or without a period of incarceration, a county jail term alone or any nonincar-cerative disposition. The presumptive sentences in the succeeding grids refer to commitments to state prison."
The recent change of this committee note, In Re Amendment to Rules of Criminal Procedure, 451 So.2d 824 (Fla.1984) left this language unaffected.