484 So.2d 612 (1986)
Kimberly M. MESTAS, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2602.
District Court of Appeal of Florida, Second District.
January 31, 1986.
On Motion for Rehearing March 14, 1986.
J. Marion Moorman, Public Defender, Bartow, and L.S. Alperstein, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Theda James Davis, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
Defendant Kimberly Mestas appeals an order withholding adjudication and placing her on probation for grand theft. She contends that the portion of the order requiring her to serve two years community control as a condition of probation is improper and should be stricken. We agree.
Defendant pled guilty to second degree grand theft. The trial court accepted her plea after finding that it was voluntary and there was a sufficient factual basis for it. The court withheld adjudication. Under her sentencing guidelines scoresheet, defendant received a total of thirteen points which translated into a recommendation of *613 any non-state prison sanction. Fla.R. Crim.P. 3.988(f). At the sentencing hearing, the court placed her on probation for five years with the condition that the first two years be served under community control.
By requiring defendant to serve two years community control, the trial court effectively imposed a sentence in the next higher cell under the guidelines, which recommends a sanction of community control or twelve to thirty months' incarceration. See rule 3.988(f). Thus, this sentence was a departure from the recommended range of any non-state prison sanction. Consequently, the court erred in failing to provide written reasons for this departure. Fla.R.Crim.P. 3.701(d)(11); State v. Boynton, 478 So.2d 351 (Fla. 1985); State v. Jackson, 478 So.2d 1054 (Fla. 1985).
Accordingly, we affirm the defendant's placement on probation but remand to the trial court to strike the condition of probation which requires her to serve two years community control.
LEHAN and FRANK, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
In a motion for rehearing, the state for the first time cites to Davis v. State, 461 So.2d 1003 (Fla. 1st DCA 1984) and Louzon v. State, 460 So.2d 551 (Fla. 5th DCA 1984). In these two cases our sister courts have held that a trial court may impose community control as a sanction under the sentencing guidelines category of any nonstate prison sanction.
We deny the state's motion for rehearing but grant its request that we certify our decision conflicts with these decisions of the First and Fifth District Courts of Appeal.
SCHEB, A.C.J., and LEHAN and FRANK, JJ., concur.