487 So.2d 348 (1986)
Andre FRANCIS, Appellant,
v.
STATE of Florida, Appellee.
85-1364.
District Court of Appeal of Florida, Second District.
April 4, 1986.
Rehearing Denied April 28, 1986.
James Marion Moorman, Public Defender, and D.P. Chanco, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Frank Migliore, Jr., Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
Appellant's contention that his probation should not have been revoked is without merit and need not be discussed. However, the argument concerning the propriety of his sentence warrants more consideration.
Appellant was convicted of burglary and grand theft. The guidelines scoresheet reflected twenty-four points which placed him in a recommended range of "any non-state prison sanction." The court sentenced *349 him to two years' imprisonment followed by two years of community control and gave reasons for departure from the guidelines. Appellant attacks the reasons for departure as being legally insufficient.
We find it unnecessary to evaluate the reasons for departure because we believe that appellant's sentence fell within the proper guidelines range. It must be emphasized that appellant was being sentenced upon the violation of his probation. Florida Rule of Criminal Procedure 3.701(d)(14) provides that the sentence imposed after revocation of probation "may be increased to the next higher cell (guidelines range) without requiring a reason for departure." In appellant's case, the next higher cell called for "community control or 12 to 30 months' incarceration." The guidelines committee note (d)(12) specifies that if a split sentence of state prison and probation supervision is imposed, the incarcerative portion shall be within the guidelines range, and the total sanction shall not exceed the term provided by general law. Thus, the question before us is whether community control should be viewed as incarceration or probation.
Florida Rule of Criminal Procedure 3.701(d)(13) defines community control as "a form of intensive supervised custody in the community involving the restriction of the freedom of the offender" which may be imposed upon a finding that probation is an unsuitable disposition. Significantly, the rule further reads that when "community control is imposed, it shall not exceed the term provided by general law." Thus, it would appear that the extent of community control is not regulated by the guidelines. In determining that community control and probation may be imposed in tandem, we recently explained that "community control, though an individualized program with the offender restricted within the community, essentially functions as a more restrictive form of probation." Burrell v. State, 483 So.2d 479 (Fla. 2d DCA 1986).
We believe that community control is more like probation than incarceration. Therefore, appellant's sentence fell within the range of the guidelines.
We recognize that our holding appears to convert the applicable range to "community control and 12 to 30 months' incarceration." However, we believe that the use of the word "or" in this cell was not intended to make the alternatives mutually exclusive but rather was designed to permit the imposition of either or both sanctions. Otherwise, this would be the only cell in the entire burglary category in which an authorized imposition of community control could not be combined with incarceration.
Affirmed.
FRANK and HALL, JJ., concur.