PER CURIAM.
We affirm appellant’s conviction and sentence and reject appellant’s contention that his sentence violated a plea agreement with the state. We also find no record support for appellant’s contention that the trial court granted a probation officer the authority to determine the amount and method of payment of restitution. Rather, the record reflects that a further hearing would be held on the issue.
The trial court imposed a sentence of thirty months’ imprisonment followed by ten years’ probation. The appellant’s recommended guideline sentencing range called for community control or twelve to thirty months’ imprisonment. This court requested the parties to brief the issue of whether this sentence represented a departure from the guidelines. We conclude that it did not.
In a recent opinion, the Second District interpreted Florida Rule of Criminal Procedure 3.701 to permit a trial court to impose a non-incarcerative sanction which, com *111 bined with a prison term, brings the sentence outside the guideline range. Francis v. State, 487 So.2d 348 (Fla. 2d DCA 1986).[1] The court relied on the unambiguous language of the committee note to Rule 3.701(d)(12), which provides:
The sentencing court shall impose or suspend sentence for each separate count, as convicted. The total sentence shall not exceed the guideline sentence, unless the provisions of paragraph (11) are complied with.

If a split sentence is imposed (i.e., a combination of state prison and probation supervision) the incarcerative portion imposed shall not be less than the minimum of the guideline range nor exceed the maximum of the range. The total sanction (incarceration and probation) shall not exceed the term provided by general law.

(Emphasis supplied.) It appears that the committee fully understood and intended the implications of this language, since it amended this note from its original version, which had the opposite effect:
The sentencing court shall impose or suspend sentence for each separate count, as convicted. The total sentence shall not exceed the guideline sentence, unless the provisions of paragraph 11 are complied with.
If a split sentence is imposed (i.e., a combination of state prison and probation supervision), the incarcerative portion imposed shall not be less than the minimum of the guideline range, and the total sanction imposed cannot exceed the maximum guideline range.
In Re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848, 852 (Fla.1983); see also Shively v. State, 474 So.2d 352, 354 n. 1 (Fla. 5th DCA 1985).
In Francis, the court had to decide whether community control should be viewed as incarceration or probation for the purposes of the rule. Holding that community control was more like probation and hence could be added on to a prison sentence to bring the total sanction outside the guidelines, the court took the view that the extent of community control is not within the subjects regulated by the guidelines. In support, the court cited Rule 3.701(d)(13), which reads in part that when “community control is imposed, it shall not exceed the term provided by general law.” 487 So.2d at 349.[2]
There is no parallel provision to (d)(13) pertaining to probation. However, it is safe to assume that if the court was correct that community control is not a subject regulated by the guidelines, the same is true of the less restrictive sanction of probation. In other words, the theory would be that the guidelines refer to terms of imprisonment and not to non-incarcera-tive sanctions. This view is in accord with the committee note to Rule 3.701(d)(8), which states:
*112 The first guideline cell in each category (any nonstate prison sanction) allows the court the flexibility to impose any lawful term of probation with or without a period of incarceration as a condition of probation, a county jail term alone or any non-incarcerative disposition. The presumptive sentences in the succeeding grids refer to commitments to state prison. Any presumptive sentence may include the requirement that a fine be paid. The presumptive sentences are found in forms 3.988(a) — (i).
(Emphasis supplied.)
Accordingly, we affirm appellant’s conviction and sentence in all respects.
ANSTEAD, DELL and WALDEN, JJ., concur.

. This court has recently given a similar interpretation to the rule. Patterson v. State, 486 So.2d 74 (Fla. 4th DCA 1986).

. A rule which would allow trial courts, without written reasons, to impose probation terms substantially in excess of the guideline range may initially appear inconsistent with the stated intent of the guidelines to promote sentencing uniformity. However, the rule could be beneficial in that it gives trial courts more flexibility to fashion appropriate sanctions in a given case. For example, in the guideline range of 12-30 months, the trial court might view 12 months as too lenient and 30 months as unnecessarily severe. The judge might find a term of probation to be preferable to an extra year or more of confinement, and find also that the probationary period would have to be longer in order to serve as a useful substitute for that extra period of imprisonment. In a situation like this, the interests of the defendant and society will be better served by allowing the trial judge to impose a term of 12 months’ imprisonment followed by 3 years’ probation than by limiting the judge to a sentence of 30 months in jail.
Of course, the rule should not be used to permit trial judges to deviate from the guidelines while circumventing the requirement of providing clear and convincing reasons. However, in these days of overcrowded prisons providing no hope of rehabilitation, probation and community control may become increasingly unavoidable alternatives. Courts should have latitude in the use of these non-incarcerative sanctions to effectuate the purposes of the sentencing guidelines.