DANAHY, Chief Judge.
William E. Hunt appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Prbcedure 3.850. We reverse.
Hunt claims that in return for his plea of nolo contendere he was to be sentenced to an “extended term” of probation for burglary and sexual battery, followed by six more months of probation for a misdemean- or offense, and adjudication was to be withheld on a sexual battery charge. Instead, he received two years community control and fifteen and one-half years probation. Hunt argues that his sentence was more severe than he bargained for; that his plea was, therefore, involuntarily made; and that he should have been allowed to withdraw his plea when the trial judge did not comply with the negotiated plea.
In response to Hunt’s motion the state attorney acknowledged, among other things, that Hunt’s sentence was different from that promised in his plea bargain but, nevertheless, asserted that the difference was insignificant and that, in any event, Hunt should have appealed rather than sought postconviction relief. The trial judge agreed, denied Hunt’s motion without a hearing, and attached to this order a copy of the transcripts of Hunt’s plea and sentencing hearings.
The transcripts do not, however, refute Hunt’s allegations. It is clear that the judgé, prosecutor and defense counsel understood and agreed upon Hunt’s plea in return for probation. Contrary to the plea agreement, and with no explanation, the trial judge added a sentence of two years community control. Community control is a sanction more severe than probation. Accord State v. Mestas, 507 So.2d 587 (Fla.1987), aff'g, 484 So.2d 612 (Fla. 2d DCA 1986).
This case is much like Stranigan v. State, 457 So.2d 546 (Fla. 2d DCA 1984), wherein this court vacated a sentence of community control followed by probation where the defendant, like Hunt, entered a plea with the understanding he would, receive probation.
Accordingly, we set aside the judgments of conviction and sentences and remand for *41 the trial court to either sentence Hunt pursuant to the plea bargain or offer Hunt an opportunity to withdraw his plea. See Davis v. State, 308 So.2d 27 (Fla.1975); Moore v. State, 489 So.2d 1215 (Fla. 2d DCA 1986).
Reversed and remanded with directions.
RYDER and SANDERLIN, JJ., concur.