511 So.2d 748 (1987)
Timothy Lee JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1502.
District Court of Appeal of Florida, Fifth District.
August 27, 1987.
*749 James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph N. D'Achille, Jr., Asst. Atty. Gen., Daytona Beach, for appellee.

ON MOTION FOR REHEARING OR FOR CLARIFICATION
COBB, Judge.
Appellant's Motion for Rehearing is granted, the prior opinion of this court issued on July 2, 1987, is hereby vacated and the following opinion is issued in its place.
After being adjudicated guilty of aggravated assault, Johnson was sentenced pursuant to the guidelines. Johnson's score placed his presumptive sentence within the second cell which reads "community control or twelve-thirty mos. incarceration." The trial court imposed a sentence of thirty months' incarceration, followed by two years of community control and six months' probation, for a total sentence of five years. Johnson appeals his sentence, contending that by imposing both incarceration and community control the trial court departed from the guidelines without providing valid written reasons.
Johnson could have been sentenced to a maximum of either thirty months' incarceration or two years' community control (see Fla.R.Cr.P. 3.701(d)(13))[1] without departure from the guidelines. Therefore, we reverse for imposition of either community control (two years or less) or incarceration and probation (30 months' incarceration and a maximum of 30 months' probation), or for the exposition of written reasons for departure therefrom by the trial court.
Contrary to Francis v. State, 487 So.2d 348 (Fla. 2d DCA), review denied, 492 So.2d 1332 (Fla. 1986), cited by the state, we find no authority for the imposition of community control as an alternative to probation in a split sentence under the guidelines. See committee note to Fla.R.Cr.P. 3.701(d)(12). See also State v. Mestas, 507 So.2d 587 (Fla. 1987), for the proposition that probation and community control are not interchangeable under the guidelines.
Accordingly, we reverse the sentence imposed below and remand for resentencing.
REVERSED and REMANDED.
UPCHURCH, C.J., and DAUKSCH, J., concur.
NOTES
[1] Said rule provides:

13. Community control is a form of intensive supervised custody in the community involving restriction of the freedom of the offender. When community control is imposed, it shall not exceed the term provided by general law.
The committee note attempting to explain section (d)(13) states that "[c]ommunity control is a viable alternative for any state prison sentence less than twenty-four (24) months without requiring a reason for departure." This apparently refers to downward departure, and supports the concept that whereas community control may, in some instances, be substituted for incarceration, it cannot be substituted for probation. See State v. Mestas, infra. See also § 948.01(5), Fla. Stat. (1985).