EN BANC
FRANK, Judge.
Kenneth Ghianuly appeals from the convictions and sentences arising from a five count information charging him with three acts of aggravated assault and two acts of false imprisonment.
We find error in the judgment to the extent it indicates that Ghianuly was convicted for an aggravated assault as was alleged in Count I of the information. We *278 affirm the convictions, but remand for the entry of a corrected judgment to reflect that Ghianuly’s Count I conviction was for simple, not aggravated, assault. Jackson v. State, 487 So.2d 1116 (Fla. 4th DCA 1986). That conviction, however, was properly scored as a misdemeanor and the appropriate sentence was imposed.
The record discloses that at sentencing, the trial court required Ghianuly to pay costs pursuant to section 27.3455, Florida Statutes (1985), in the amount of $200 as a condition of accruing gain time. The crimes for which Ghianuly was convicted occurred on June 17, 1985, prior to that statute’s effective date. Thus, the conditioning of gain time upon the payment of $200 rendered Ghianuly’s punishment more onerous than that which existed at the time of the crime and violated the prohibition against ex post facto sanctions. State v, Yost, 507 So.2d 1099 (Fla.1987). The state, however, urges that Ghianuly is foreclosed from asserting the constitutional challenge because of his failure to object at trial. We disagree and recede from our decisions in Johnson v. State, 495 So.2d 188 (Fla. 2d DCA 1986), and Treadway v. State, 500 So.2d 308 (Fla. 2d DCA 1986). Thus application of the statute results in an illegal sentence, State v. Whitfield, 487 So.2d 1045 (Fla.1986), and can be raised for the first time on appeal. Givens v. State, 501 So.2d 758 (Fla. 5th DCA 1986). The trial court’s imposition of costs in the amount of $200 remains a part of Ghianuly’s sentence but we strike that portion conditioning the accrual of gain time.
This matter is remanded to the trial court for correction of the judgment which may be undertaken outside the presence of the defendant.
DANAHY, C.J., and SCHEB, RYDER, CAMPBELL, SCHOONOVER, LEHAN, HALL and THREADGILL, JJ., concur.