516 So.2d 38 (1987)
John SANDERS, Appellant,
v.
STATE of Florida, Appellee.
No. BR-465.
District Court of Appeal of Florida, First District.
December 1, 1987.
Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and John M. Koenig, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Appellant appeals that portion of his sentence subjecting him to one year of community control. We reverse in part and remand for resentencing.
Appellant was convicted of burglary of a dwelling and grand theft. His guidelines scoresheet resulted in a recommended sentence of "community control or twelve to thirty months' incarceration." The trial judge sentenced him to two years' incarceration to be followed by one year of community control without giving any reasons for departure from the guidelines recommendation.
Relying upon Hankey v. State, 505 So.2d 701 (Fla. 5th DCA 1987), appellant contends that the trial judge erred in sentencing him to incarceration plus community control when the guidelines recommendation called for community control or twelve to thirty months' incarceration. In Hankey, the recommended *39 sentence was the same as here and the court declared:
If incarceration was imposed, there could be no community control, based on the language of the guidelines. Similarly, the court could not have imposed incarceration time if it elected community control.
Appellant also relies upon State v. Mestas, 507 So.2d 587 (Fla. 1987) and Florida Rule of Criminal Procedure 3.701(d)(13) in asserting that community control cannot be used, as can probation, to exceed the recommended guidelines range.
The Fifth District has consistently maintained its position that when the recommended guidelines range is community control or twelve to thirty months' incarceration, the trial judge is not at liberty to impose a combination of those two sanctions. Johnson v. State, 511 So.2d 748 (Fla. 5th DCA 1987); Avera v. State, 512 So.2d 215 (Fla. 5th DCA 1987); Gordon v. State, 511 So.2d 745 (Fla. 5th DCA 1987); and Vankooten v. State, 512 So.2d 214 (Fla. 5th DCA 1987). Recognizing conflict with the Fifth District in this regard, we disagree with the position of that court that community control and incarceration cannot be imposed in tandem as long as the total sentence does not exceed the guidelines recommendation. To this extent only we certify conflict with Hankey and agree with the position taken by the Second District Court in Francis v. State, 487 So.2d 348 (Fla. 2d DCA 1986), in which the court stated:
However, we believe that the use of the word "or" in this cell was not intended to make the alternatives mutually exclusive but rather was designed to permit the imposition of either or both sanctions. Otherwise, this would be the only cell in the entire burglary category in which an authorized imposition of community control could not be combined with incarceration.
Contrary to the court's additional position in Francis and in light of the supreme court's ruling in Mestas, however, we find that community control cannot serve as a substitute for probation and thereby extend a sentence beyond the guidelines range, as can probation, without departure reasons being given. According to Mestas, community control is not to be considered as a non-state prison sanction, as is probation, under the guidelines. In this regard, we recognize conflict with the Second District in Francis and, as was done by the Fifth District on rehearing in Vankooten v. State, 512 So.2d 214 (Fla. 5th DCA 1987) and Avera v. State, 512 So.2d 215 (Fla. 5th DCA 1987), we certify conflict with the Francis opinion to the extent discussed herein. In our view, the supreme court has answered that conflict in its decision in Mestas by implicitly disapproving the Francis position on this point.
In light of the above authorities and discussion, we reverse to the extent that the imposed sentence exceeds the recommended guidelines range by six months and remand for resentencing consistent with this opinion. We also certify conflict in part with Francis and Hankey.
REVERSED AND REMANDED.
BOOTH and THOMPSON, JJ., concur.