HALL, Judge.
Carl Eugene Welch appeals from his judgment and sentence for grand theft imposed after he violated his probation. He contends that the split sentence he received was a departure from the recommended guidelines sentence for which no written reasons were submitted. We affirm.
The appellant’s scoresheet placed the appellant in the category of any nonstate prison sanction. In accordance with Florida Rule of Criminal Procedure 3.701(d)(14), the trial court increased the appellant’s sentence to the next higher category of community control or twelve-thirty months’ incarceration and sentenced the appellant to thirty months’ imprisonment to be followed by a two-year term of community control.
The appellant argues that although section 948.01(8), Florida Statutes (1985), authorizes a split sentence of incarceration and community control and because committee note (d)(12) to Florida Rule of Criminal Procedure 3.701 does not discuss community control, any split sentence exceeding the guidelines, other than one involving incarceration and probation, is a departure sentence and must be supported by written reasons. We disagree.
As we held in Francis v. State, 487 So.2d 348 (Fla. 2d DCA), review denied, 492 So.2d 1332 (Fla.1986), a trial court can impose a split sentence of incarceration and community control under the guidelines category of community control or twelve-thirty months’ incarceration. In Francis we further stated: “We believe that the use of the word ‘or’ in this cell was not intended to make the alternatives mutually exclusive but rather designed to permit the imposition of either or both sanctions.”
*1091 In extending this rationale we must point out that the only limitation on the term of any sentence imposed by the trial court under this category refers to the twelve to thirty months’ incarceration. A sentence of community control is not limited by a period of time and could be imposed for a period not to exceed the term provided by general law. It must therefore follow that a split sentence of incarceration which is within the thirty-month limitation followed by a period of community control is not a departure sentence as contemplated under this category of the guidelines.
A split sentence of incarceration and community control is of course subject to the caveat of committee note (d)(12) to the Florida Rule of Criminal Procedure 3.701 that the incarcerative portion must be within the recommended guideline range and the total sanction must not exceed the term provided by general law. The appellant’s combined sentence of incarceration and community control is less than the statutory maximum for grand theft and is, therefore, a valid sentence under the guidelines.
We recognize that the First District in Sanders v. State, 516 So.2d 38 (Fla. 1st DCA 1987) cites the supreme court case of State v. Mestas, 507 So.2d 587 (Fla.1987), in support of its holding that incarceration combined with community control is a departure sentence under the category of community control or twelve to thirty months’ incarceration. We do not believe that either Sanders or Mestas has considered the fact that, as we have pointed out, under this guidelines category there is no time limitation on community control. But, in view of the decisions in Sanders and Johnson v. State, 511 So.2d 748 (Fla. 5th DCA 1987), we certify conflict on this issue to the Florida Supreme Court.
Affirmed.
RYDER, A.C.J., and LEHAN, J., concur.