521 So.2d 354 (1988)
Darrin Bartholemew HAMM, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2082.
District Court of Appeal of Florida, Second District.
March 9, 1988.
James Marion Moorman, Public Defender, Joy L. Phillips, and A. Anne Owens, Asst. Public Defenders, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Lauren Hafner Sewell, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant, Darrin Bartholemew Hamm, challenges his judgment and sentence. Although we affirm the appellant's conviction, we reverse the sentence and remand for resentencing.
The appellant was charged by information with robbery with a firearm in violation of section 812.13, Florida Statutes (1985). Although a jury found the appellant guilty of robbery without a weapon, the written judgment reflects that the appellant was convicted of armed robbery, a first degree felony. The guidelines scoresheet, which also reflects that the appellant was convicted of armed robbery, indicates that the primary offense was scored as a first degree felony along with points for four prior misdemeanor convictions and points for legal constraint at the time the subject offense was committed. Although the guidelines sentencing range based on this scoresheet was three and one-half years to four and one-half years imprisonment, the trial court sentenced the appellant to fifteen years in prison. The trial court gave the following reasons for imposing a departure sentence:
(1) The offense for which the defendant was sentenced was committed in a calculated manner without pretense of moral or legal justification.
(2) The offense for which the defendant was sentenced was committed in an unusually sophisticated manner.
(3) The defendant induced minors to participate in the offense for which he was sentenced.
This timely appeal followed.
The parties agree that the case must be remanded for the entry of a corrected judgment to reflect that the appellant was convicted of simple robbery rather than armed robbery. See Ghianuly v. State, 516 So.2d 277 (Fla. 2d DCA 1987).
*355 Since the type and degree of crime is reflected and scored improperly on the scoresheet, we also remand this case for the preparation of an accurate scoresheet because without knowing the correct presumptive sentence, the trial court was without sufficient information to decide whether to depart from the guidelines. See Bass v. State, 496 So.2d 880 (Fla. 2d DCA 1986). While correcting the scoresheet, the trial should examine the propriety of scoring seventeen points for legal constraint. Those points were scored because the appellant was serving a period of probation for an expired tag violation. As to that offense, the appellant affirmatively alleged that he did not have an attorney and did not know that he had the right to an attorney for this minor traffic violation when he appeared accompanied only by his mother, pled guilty, and was placed on six months probation. If, in addition to the above allegations, the appellant can establish that he had a right to counsel when he was placed on probation, see Leffew v. State, 518 So.2d 1376 (Fla. 2d DCA 1988), the state then must present evidence to overcome this prima facie showing that the conviction may have been obtained in violation of the appellant's constitutional right to counsel. See Croft v. State, 513 So.2d 759 (Fla. 2d DCA 1987).
The appellant further contends that the reasons the trial court gave for imposing the departure sentence were either invalid or not supported by the record. We agree. The lack of "moral or legal justification" is inherent in most crimes and, therefore, is an invalid reason for departure. See Scurry v. State, 489 So.2d 25 (Fla. 1986). As to the other two reasons, the record does not support a finding that the appellant exercised control over his two codefendants or induced them to participate in the crime, nor do we find evidence of sophistication in the manner in which the crime was committed. See State v. Mischler, 488 So.2d 523 (Fla. 1986). Since the reasons given are either invalid or unsupported by the record, we reverse the departure sentence and remand for resentencing within the guidelines. See Shull v. Dugger, 515 So.2d 748 (Fla. 1987).
We also agree with the appellant's contention that the trial court improperly assessed $251 in costs against him. When the costs were orally imposed, the trial court failed to provide statutory authority for any of the costs. The appellant, therefore, had no real opportunity to object to the costs as would normally be required by this court's holding in Henriquez v. State, 513 So.2d 1285 (Fla. 2d DCA 1987). We, accordingly, strike these costs. See Brown v. State, 506 So.2d 1068 (Fla. 2d DCA), petition for review denied, 515 So.2d 229 (Fla. 1987). Should the trial court decide to again impose costs, it must cite proper statutory authority, see Brown, and provide the appellant with adequate notice as required by Jenkins v. State, 444 So.2d 947 (Fla. 1984).
We find no merit in any of the appellant's other contentions and, therefore, affirm the trial court in all other respects.
Affirmed in part, reversed in part, and remanded.
SCHEB, A.C.J., and SCHOONOVER and LEHAN, JJ., concur.