LEHAN, Judge.
Defendant appeals from his sentences consisting of 18 months incarceration, 18 months community control, and 10 years probation. He contends that (a) section 948.01(8), Florida Statutes (1985), prohibits the imposition of community control and probation together in one sentence, and (b) that incarceration followed by community control is a departure from the sentencing guidelines requiring proper written reasons which were not provided in this case.
Although the rationale of Francis v. State, 487 So.2d 348 (Fla. 2d DCA 1986), might seem to call for an affirmance as to both (a) and (b), Francis was disapproved in State v. Van Kooten, 522 So.2d 830 (Fla.1988). Van Kooten approves Hankey v. State, 505 So.2d 701 (Fla. 5th DCA 1987), which approves the imposition of a “triple split” sentence like that in this case if proper reasons are given for a guidelines departure which would occur from the imposition of incarceration and community control. See also Johnson v. State, 511 So.2d 748 (Fla. 5th DCA 1987). No reasons for a guidelines departure were given in this case.
Accordingly, we reverse and remand for resentencing. On remand the trial court *838 may not impose, together with incarceration and probation, community control unless proper written reasons are given for the guidelines departure.
Defendant also contends that court costs in the amount of $224.50 were improperly imposed without notice and without showing any statutory basis therefor. We agree. See Hamm v. State, 521 So.2d 354 (Fla. 2d DCA 1988). On remand cognizance should be taken of State v. Yost, 507 So.2d 1099 (Fla.1987).
Reversed and remanded for resentencing consistent with this opinion.
SCHOONOVER, A.C.J., and FRANK, J., concur.