SCHEB, Acting Chief Judge.
Defendant, Jeffrey A. Teaford, appeals contending that in sentencing him the trial court departed from the sentencing guidelines without written reasons. We agree and remand for resentencing.
The defendant was convicted of aggravated battery and was placed on probation for five years. After being found guilty of violating his probation he was sentenced to three years in prison, to be followed by eighteen months of community control, then by four years of probation. His sentencing guidelines scoresheet indicated a recommended range of two and one-half to three and one-half years of incarceration.
Community control is a harsher alternative to probation and should not to be considered as “nonstate prison sanction” under the sentencing guidelines. State v. Mestas, 507 So.2d 587 (Fla.1987). The Florida Supreme Court has recently held that when the presumptive guideline sentence calls for incarceration or community control, the imposition of both is a departure from the guidelines and requires proper written reasons supporting the departure. State v. Van Kooten, 522 So.2d 830 (Fla.1988). Van Kooten disapproved Francis v. State, 487 So.2d 348 (Fla. 2d DCA 1986) which held that in a sentence combining incarceration and community control only the incarcerative part of the sentence had to be within the guidelines, as community control was more like probation than incarceration. Since the defendant’s sentence in this case totals four and one-half years of incarceration and community control, it represents a departure from the guidelines requiring proper written reasons for the departure.
We affirm the defendant’s conviction and remand for resentencing within the range of the presumptive guideline sentence. See Shull v. Dugger, 515 So.2d 748 (Fla.1987).
SCHOONOVER and PARKER, JJ., concur.