CAMPBELL, Chief Judge.
Appellant, Randy E. Elliott, challenges his sentence on appeal. While on probation, appellant was convicted of burglary and dealing in stolen property, crimes that had occurred in 1982. Appellant pled guilty to violating his probation and elected to be sentenced under the guidelines. The recommended guidelines sentence with the increase for violation of probation was two- and-one-half to three-and-one-half years incarceration. Appellant was sentenced to three-and-one-half years to be followed by one year community control for the burglary charge. He was sentenced to three-and-one-half years to be followed by two years community control and four years probation for the dealing in stolen property charge. The sentences were to run concurrently with each other.
We conclude first that it is not improper to impose a sentence that includes the three types of sentencing alternatives, i.e., incarceration, community control and probation. Cf. Teaford v. State, 524 So.2d 1162 (Fla. 2d DCA 1988); Falzone v. State, 527 So.2d 837 (Fla. 2d DCA 1988). However, a sentence that imposes incarceration plus community control, the total terms of which exceed the recommended incarcerative sentence, is a departure sentence for which written reasons must be given. See State v. Van Kooten, 522 So.2d 830 (Fla.1988); State v. Mestas, 507 So.2d 587 (Fla.1987); Teaford; Hankey v. State, 505 So.2d 701 (Fla. 5th DCA 1987). It is not improper, however, to impose an incarcerative sentence up to the maximum recommended guidelines sentence to be followed by probation up to the statutory maximum penalty provided for the offense for which sentence is being imposed. That type of sentence, incarceration plus probation, is not a departure sentence. Green v. State, 527 So.2d 277 (Fla. 2d DCA 1988); Burrell v. State, 483 So.2d 479 (Fla. 2d DCA 1986); McKinley v. State, 519 So.2d 1154 (Fla. 5th DCA 1988); Cain v. State, 506 So.2d 1125 (Fla. 1st DCA 1987); Bell v. State, 479 So.2d 309 (Fla. 5th DCA 1985).
We, therefore, reverse appellant’s sentences on the grounds that they represent a departure sentence for which written reasons were not given. At the time appellant was sentenced, his sentence was not considered a departure sentence by this court. Francis v. State, 487 So.2d 348 (Fla. 2d DCA 1986), disapproved of in State v. Van Kooten. Therefore, on remand, appellant may be resentenced to the same sentence if valid written reasons for departure are given or he shall be resentenced pursuant to the recommended guidelines *100 sentence and the holding of this opinion. Shull v. Dugger, 515 So.2d 748 (Fla.1987).
Reversed and remanded.
LEHAN and FRANK, JJ., concur.