536 So.2d 225 (1988)
Carl Eugene WELCH, Petitioner,
v.
STATE of Florida, Respondent.
No. 71966.
Supreme Court of Florida.
December 22, 1988.
James Marion Moorman, Public Defender and Stephen Krosschell, Asst. Public Defender, *226 Tenth Judicial Circuit, Bartow, for petitioner.
Robert A. Butterworth, Atty. Gen. and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for respondent.
OVERTON, Justice.
We have for review Welch v. State, 519 So.2d 1090 (Fla. 2d DCA 1988), in which the Second District affirmed a split sentence of thirty months' incarceration followed by a two-year term of community control. Welch's guidelines scoresheet placed him in the category of any nonstate prison sanction. In accordance with Florida Rule of Criminal Procedure 3.701(d)(14), the trial court is authorized to increase a guidelines sentence imposed after revocation of probation or community control one cell without written reasons for departure. The trial court in this instance sentenced Welch to thirty months' incarceration and a two-year term of community control, exceeding the one cell departure which allowed an increased sentence to community control or twelve to thirty months' incarceration. The district court affirmed, in accordance with its decision in Francis v. State, 487 So.2d 348 (Fla. 2d DCA), review denied, 492 So.2d 1332 (Fla. 1986), and held that this was not a departure sentence requiring written reasons. It certified direct conflict with Sanders v. State, 516 So.2d 38 (Fla. 1st DCA 1987), review dismissed, 520 So.2d 586 (Fla. 1988), and Johnson v. State, 511 So.2d 748 (Fla. 5th DCA 1987), approved, 522 So.2d 831 (Fla. 1988). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
As the state properly recognized in its brief, we resolved the conflict in this case in our recent decision in State v. Vankooten, 522 So.2d 830 (Fla. 1988).
Consistent with our Vankooten decision, we quash the Second District's decision in the instant case and disapprove its decision in Francis. Accord State v. Johnson, 522 So.2d 831 (Fla. 1988). The district court is directed to remand this cause to the trial court for resentencing in accordance with our decision in Vankooten.
It is so ordered.
EHRLICH, C.J., and McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.