PER CURIAM.
Jeffrey Lynn Hill appeals the summary denial of his motion for posteonviction relief. Hill prefaced his motion and supporting memorandum with a letter directed to the court. The trial court considered the letter to be an untimely motion for correction, reduction or modification of sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(b), and denied relief. The court did not address the motion and memorandum which requested that the court correct a sentence pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for the court to consider the timely filed motion.
In its order, the trial court noted that the sentences imposed in the two cases referenced by Hill had been decided in 1989 and 1991. The court correctly determined that a motion for posteonviction relief would be procedurally barred for exceeding the two-year time limit imposed by rule 3.850 as to Hill’s conviction for robbery in case 89-1269 which was not appealed. However, the conviction for possession of cocaine and resisting an officer without violence in case 88-1269 was appealed. This court affirmed the conviction and the mandate was issued on March 3, 1992. Therefore, the motion for posteonviction relief filed on January 3, 1994, was timely as to that case.
Hill raises three issues in his motion. We hold that Hill may have properly raised the two claims of ineffective assistance of trial counsel and that his plea was not voluntarily entered. Hill’s assertion that his appellate counsel was ineffective is not appropriately raised in a motion for posteonviction relief. See Breedlove v. Singletary, 595 So.2d 8, 10 (Fla.1992).
Accordingly, the trial court’s order denying Hill’s motion for posteonviction relief is reversed in part as discussed above and affirmed in part, without prejudice for Hill to raise the issue of ineffective assistance of appellate counsel in a petition for writ of habeas corpus.
Reversed in part and affirmed in part.
DANAHY, A.C.J., and ALTENBERND and LAZZARA, JJ., concur.