677 So.2d 879 (1996)
Stephen James OAKLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 95-01269.
District Court of Appeal of Florida, Second District.
May 31, 1996.
Rehearing Denied August 14, 1996.
Dwight M. Wells, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Davis G. Anderson, Jr., Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Stephen James Oakley appeals an order of the trial court denying postconviction relief under Florida Rule of Criminal Procedure 3.850. Oakley alleges three instances of ineffective assistance of trial counsel. He alleges the state withheld evidence and claims his appellate counsel was ineffective. We affirm *880 in part, reverse in part and remand for an evidentiary hearing.
In his 3.850 motion filed in the trial court, Oakley alleged a number of grounds for relief including, inter alia, the grounds asserted on this appeal. Only one issue, however, was addressed at the evidentiary hearing, ineffective assistance of counsel for counsel's act of stating in opening argument that Oakley and the codefendant had lied to the police. The trial court denied relief on this claim finding counsel's action a reasonable trial strategy. We affirm the denial of relief on this point. We also affirm the denial of relief on the ineffective assistance of appellate counsel issue since this ground can only be raised in the appellate court in a petition for writ of habeas corpus. Breedlove v. Singletary, 595 So.2d 8 (Fla.1992); Hill v. State, 639 So.2d 195 (Fla. 2d DCA 1994).
On all other issues the trial court stated, "Although Defendant alleged a variety of grounds in his motion, no testimony was presented at the evidentiary hearing as these grounds either should, could or were raised on direct appeal." Although the claims of ineffective assistance of counsel for failing to move for a change of venue and the claim involving the state's failure to disclose evidence were properly raised in a postconviction motion, we nonetheless affirm the denial of relief on these issues. The ineffective claim does not allege sufficient facts to demonstrate the two prongs for ineffectiveness enunciated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Cherry v. State, 659 So.2d 1069 (Fla.1995). The denial of relief is affirmed on the Brady[1] claim because the record indicates defense counsel abandoned this issue.
Thus, the only claim that is not refuted by the record and sufficiently pleaded is the ineffective assistance claim on the issue of the failure to read the witness list to prospective jurors thereby resulting in the selection of a juror who was the father of a state witness. Since the record attached to the trial court's order denying relief does not conclusively refute this claim, we vacate the trial court's denial of relief on this point only and remand for an evidentiary hearing on this issue.
Affirmed in part, reversed in part and remanded with directions to have an evidentiary hearing.
FRANK, A.C.J., and ALTENBERND and QUINCE, JJ., concur.
NOTES
[1] Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).