PER CURIAM.
William Jude Miller appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, Miller asserted seven grounds for relief. Of these, we find that only Miller’s ineffective assistance of counsel claim for failing to move for a change of venue was not conclusively refuted by attachments to the trial court’s order. We accordingly reverse as to this claim only. We affirm the remainder of the trial court’s order without discussion.
Miller asserts that his case received an “enormous” amount of media coverage by the local newspapers and television stations, which portrayed him negatively as a previously convicted sex offender. He asserts that, as a result of this negative coverage, his case could not escape “the awareness of any citizen of Lee County, Florida” or the “overwhelming inflamation of the community.” He contends that his counsel accordingly was ineffective for failing to file a pretrial motion for change of venue. Such a claim is cognizable in a rule 3.850 motion. See Provenzano v. Dugger, 561 So.2d 541, 544 (Fla.1990).
The trial court denied relief, noting, among other things, that many of the newspaper articles attached to Miller’s motion appeared to have been published after the jury was selected. In addition, at least three of the clippings appeared to have been published two years prior to Miller’s trial. The court noted that the jury selection voir dire could not be transcribed according to a letter from the court reporting firm. The court, however, attached a jury panel information list, which indicated that Miller had exercised only four challenges on members of the jury venire. From this information, the court concluded that no unusual difficulty had been encountered in selecting the jury. The court also relied on Miller’s concession that the evidence against him was “quite strong” to conclude that he failed to establish preju *138 dice under the standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
From the record attachments before this court, we cannot determine the full extent and nature of pretrial publicity in this case. Moreover, due to the lack of a transcript from the jury selection voir dire, it is impossible to tell whether the jury was in any way affected by the pretrial publicity and, if so, whether defense counsel was ineffective in failing to move for a change of venue. While the trial court relies on the fact that Miller did not use all of his peremptory challenges to conclude that there was no undue difficulty in selecting a jury, this fact could equally be viewed as evidence of counsel’s ineffectiveness. It is simply impossible to say from the record before this court.
Moreover, Miller’s concession that the evidence against him was “quite strong” is not dispositive. Both the Florida Constitution and the Florida Rules of Criminal Procedure provide that an accused has the right to an impartial jury. Fla. Const. Art. I, § 16; Fla. R.Crim. P. 3.251. Miller’s assertions of jury partiality due to pretrial publicity, if true, compromise the very foundation of the criminal justice process. Cf. Lowrey v.State, 705 So.2d 1367, 1370 (Fla.1998)(finding where there is “a clear perception of unfairness” the “integrity and credibility of the justice system is patently affected”). We find this to be sufficiently prejudicial, in the absence of a transcript from the jury selection voir dire, to warrant more than a summary denial of Miller’s claim. Cf. Robinson v. State, 659 So.2d 444 (Fla. 2d DCA 1995) (finding defendant’s allegations for failing to object to State’s actions during voir dire of systematically excluding minorities in jury pool were facially sufficient even though defendant did not specify how he was prejudiced).
In reaching this conclusion, we have not overlooked our decision in Oakley v. State, 677 So.2d 879 (Fla. 2d DCA 1996). In Oakley, we affirmed the trial court’s denial of the defendant’s claim that counsel was ineffective for failing to move for a change of venue because the claim did “not allege sufficient facts to demonstrate the two prongs for ineffectiveness enunciated in Strickland. ...” Id. at 880. Here, in contrast, we find Miller’s allegations of ineffective assistance of counsel to be factually sufficient to meet. the Strickland standard.
We accordingly reverse and remand on this claim only. The trial court should make another attempt to obtain the jury voir dire transcript to determine whether it refutes Miller’s claim, absent which it should hold an evidentiary hearing on the issue of whether counsel was ineffective for failing to file a motion to change venue in light of the pretrial publicity surrounding this case.
Affirmed in part, reversed in part, and remanded.
THREADGILL, A.C.J., and STRINGER and DAVIS, JJ., Concur.