BLUE, Chief Judge.
Juan Carlos Castro timely appeals the summary denial of his motion for postcon-viction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the denial of all claims but one. In one claim, Castro alleged that he was sentenced contrary to his plea agreement. Because this claim is not conclusively refuted by the record attachments, the trial court erred by summarily denying relief. We reverse on this claim but affirm in all other respects.
In circuit court case 98-2443, after a jury trial, Castro was convicted of robbery and battery on a person over sixty-five years of age. In case 98-3475, Castro pleaded no contest to armed burglary of a dwelling and two counts of third-degree grand theft. In case 98-3665, Castro pleaded no contest to armed burglary of a dwelling and grand theft. Castro faced a potential life sentence as a prison releasee reoffender.
In his motion for postconviction relief, Castro claimed that his plea agreement was violated because he did not receive the negotiated sentences. The plea form stated that Castro would receive a fifteen-year sentence for robbery and a consecutive twenty-year sentence for the two armed burglaries, for a total of thirty-five years in prison. The plea form stated that the sentence was a stipulated upward departure but that Castro would not be sentenced as a prison releasee reoffender. In the transcript from the plea and sentencing hearing on March 12, 1999, defense counsel and the prosecutor represented this as the sentencing agreement. The trial court agreed to sentence Castro pursuant to the terms of the plea but then referred to it as a thirty-five-year sentence. Castro in fact received a thirty-five-year sentence for two armed burglaries and a concurrent fifteen-year sentence for robbery.
In its order denying relief, the trial court stated that Castro did not sign a “plea agreement,” only an Acknowledgment and Waiver of Rights form. The trial court also stated that “[ajlthough the terms of the plea and sentencing agreement do not exactly match what is written on the Acknowledgment and Waiver form,” Castro was informed of the sentence during the plea colloquy and voiced no disagreement. The trial court concluded that Castro failed to demonstrate prejudice.
“When a negotiated plea agreement cannot be honored, the defendant may withdraw his plea and the trial court has an affirmative duty to so advise the defendant.” Goldberg v. State, 536 So.2d 364, 365 (Fla. 2d DCA 1988) (emphasis added). See also Hunt v. State, 508 So.2d 40 (Fla. 2d DCA 1987) (reversing denial of postconviction relief when defendant’s sen *682 tence was contrary to plea agreement). Castro argues, and we agree, that he is prejudiced by the trial court’s failure to impose the negotiated sentences of twenty years for the armed burglaries because his total prison time would not be reduced if he successfully challenged his robbery conviction or sentence. Accordingly, we reverse the summary denial of this claim. On remand, the trial court shall impose the negotiated sentences or allow Castro to withdraw his plea.
We affirm without discussion the remainder of the claims that were summarily denied. We note that claims asserting ineffective assistance of appellate counsel must be raised in a petition filed pursuant to Florida Rule of Appellate Procedure 9.141(c). See Oakley v. State, 677 So.2d 879 (Fla. 2d DCA 1996).
Affirmed in part; reversed in part; remanded.
FULMER and GREEN, JJ., Concur.