PER CURIAM.
The Defendant appeals an order summarily denying his rule 8.850 motion for postconviction relief and the order denying his motion for rehearing. We affirm in part and reverse in part.
The Defendant and his co-defendant were tried together before separate juries. Both were found guilty of three counts of first-degree murder with a firearm and one count of robbery with a firearm. Neither jury was able to conclude that the defendant actually possessed a firearm or discharged it. Defendant’s jury recommended death and the co-defendant’s jury recommended life. The trial court determined the death penalty was not appropriate for either because it was unclear who was the shooter. This court per curiam affirmed Defendant’s direct appeal.[1]
In his rule 3.850 motion for postconviction relief, Defendant raised nine claims of ineffective assistance of trial counsel, adding a tenth claim in an amended motion. The trial court summarily denied the motion in a thoughtful eleven-page order, adopting and incorporating the State’s response and exhibits. It did not, however, attach the entire record, which the State had filed with the clerk in connection with its response. Accordingly, that record was not transmitted to this court as part of the summary record.
In his third ground, Defendant claimed his trial counsel was ineffective for failing to move for a change of venue. His trial took place after a great deal of media coverage of the crime, including the fact that Defendant had led the police to the murder weapon. He alleged that both he and his father had asked counsel about getting the trial moved, but counsel said he did not think it was necessary. Jury questionnaires established that the majority of the jurors had heard about the crime. The Defendant argues that the presence of even one biased juror was a structural defect requiring a new trial.
The court denied this ground as legally insufficient because Defendant did not demonstrate that a change of venue was proper and that there was a reasonable *1160 probability counsel would have been successful had he moved for one.
Pretrial publicity, standing alone, will not require a change in venue. The court must analyze the extent and nature of pretrial publicity, and the difficulty encountered in actually selecting a jury. Griffin v. State, 866 So.2d 1 (Fla.2003).
The test for determining whether to grant a change of venue is whether the inhabitants of a community are so infected by knowledge of the incident and accompanying prejudice, bias, and preconceived opinions that jurors could not possibly put these matters out of their minds and try the case solely on the evidence presented in the courtroom. See McCaskill v. State, 344 So.2d 1276, 1278 (Fla.1977). In exercising its discretion regarding a change of venue, a trial court must make a two-pronged analysis, evaluating: (1) the extent and nature of any pretrial publicity; and (2) the difficulty encountered in actually selecting a jury. See Rolling v. State, 695 So.2d 278, 285 (Fla.1997).
Id. at 12. In Griffin, the court found the claim was refuted by the record as to what transpired on voir dire. Summary denial was proper because the record showed there was no reasonable probability that a motion for change of venue would have been granted based on the record, which demonstrated it had not been difficult to select an impartial jury. Id. at 12-13.
We disagree with the State’s response to this court’s order to show cause that actually, the ground was legally sufficient, but it was refuted by portions of the record which the trial court did not attach. We find Defendant’s motion was insufficient in that he failed to allege, with supporting facts, that there was any difficulty in selecting a jury. We also disagree with the State’s position that the fact that counsel did not use all his peremptory challenges established there was no difficulty selecting an unbiased jury. See Miller v. State, 750 So.2d 137, 138 (Fla. 2d DCA 2000). We reverse the summary denial of this ground for the trial court to strike it and allow Defendant a specific amount of time in which to amend it, if he can do so in good faith. Spera v. State, 971 So.2d 754, 761 (Fla.2007). If on remand the trial court concludes the ground is conclusively refuted based on what transpired during voir dire, it will need to attach the relevant portion of the trial transcript.
Defendant’s eighth ground was ineffective assistance of counsel in failing to object to the cross-examination, by co-defendant’s counsel, of state witness Detective Carney, in the course of which, Defendant claimed, co-defendant’s counsel acted as a prosecutor against Defendant. Previous to this point in the trial, when the co-defendant’s counsel cross-examined a state witness, Defendant’s jury was excused; this time it was not, and Defendant’s counsel failed to object or obtain a curative instruction. Defendant alleged that during the cross-examination Leight/s attorney tried to show Defendant was a violent person and was the killer in the instant case. Defendant suggested that this portion of the trial might have led his jury to recommend a death sentence while the co-defendant’s jury recommended a life sentence.
The trial court found this ground without merit, but did not attach the relevant pages of the trial transcript.
We reverse the summary denial of this ground because we cannot determine, without seeing those pages of the transcript, whether it actually lacked merit. If on remand the trial court concludes that the ground was facially insufficient because Defendant failed to allege specifically how he was prejudiced, then it may wish *1161 to strike the ground and allow Defendant an opportunity to amend it. Spera.
We affirm the summary denial of the remaining grounds for relief without discussion.

Affirmed in Part, Reversed in Part, and Remanded.

POLEN, DAMOORGIAN and LEVINE, JJ., concur.

. Johnson v. State, 980 So.2d 511 (Fla. 4th DCA 2008) (table decision). The co-defendant’s direct appeal was affirmed. Leighty v. State, 981 So.2d 484 (Fla. 4th DCA 2008), rev. denied, 4 So.3d 1220 (Fla.2009).