360 So.2d 24 (1978)
Horace C. KINSLER, Sr., Appellant,
v.
STATE of Florida, Appellee.
No. 77-1204.
District Court of Appeal of Florida, Second District.
June 2, 1978.
Rehearing Denied June 28, 1978.
Jack O. Johnson, Public Defender, Bartow and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Appellant contends the trial court erred in denying his motion to suppress the use of his footprint as evidence against him during his trial on charges of robbery and burglary. We find merit in his arguments and reverse.
On October 1, 1977, two men entered the home of Mr. and Mrs. Robert Staton and robbed them of their wallets containing approximately forty-three dollars. When the police investigated the crime, they found it *25 was similar to other burglaries in which appellant was a suspect. Consequently, they wished to match a footprint found at the Statons' with that of appellant.
At this time, appellant was on parole from a conviction in an unrelated case. Police Sergeant Richard Evans contacted appellant's parole officer, Dennis Chapman, and asked for his cooperation in obtaining appellant's footprint. Chapman agreed. Thereafter, during a meeting with appellant, Chapman confronted him with Sergeant Evans', story. Appellant said that the police had asked him several times to give a footprint and that he had declined each time. He also denied any involvement in the burglary and robbery of the Statons.
Mr. Chapman then asked appellant to go to the police station voluntarily and give the footprint. When appellant refused, Chapman told him he could either go voluntarily or he could go under Section 10 of his parole conditions. Section 10 requires a parolee to carry out all instructions of his supervisor. While Chapman did not tell appellant his parole would be revoked if he did not give the footprint, Chapman did state that appellant really had no choice in the matter. As a result, appellant went with Chapman to the police station and gave his footprint.
Appellant's footprint matched the one found at the Statons and the State charged and tried appellant for burglary and robbery. A jury found appellant guilty of both offenses, and the court sentenced him to two consecutive fifteen year prison terms. The footprint evidence was obviously a decisive factor at trial since neither of the Statons could positively identify their assailants.
In considering the question of whether the trial court should have allowed the introduction of the footprint into evidence, we have found rulings by the Florida Supreme Court and the United States Supreme Court which, we think, are dispositive. In Anderson v. State, 241 So.2d 390 (Fla. 1970), the court said:
Fingerprints taken by the police before a defendant is arrested and without probable cause would violate his Fourth Amendment protection against unreasonable search and seizure. 241 So.2d at 393.
Accord, Davis v. Mississippi, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969).[1] Since the record shows that appellant was not under arrest at the time the police took the footprint and that the police did not have probable cause, we believe that Anderson and Davis mandate the suppression of the footprint evidence.
The State concedes the absence of the arrest and probable cause elements. However, it argues that there was no Fourth Amendment violation because appellant gave his voluntary consent to the taking of the footprint. We disagree. To say that appellant voluntarily went to the police station is to defy common sense. Obviously appellant allowed the taking of his footprint only because his parole officer made it clear that to do otherwise would be a violation of a condition of parole. As we have said before, mere submission to the authority of an officer of the state does not constitute voluntary consent. Samuels v. State, 318 So.2d 190 (Fla. 2d DCA 1975).
The State also argues that by accepting parole appellant gave up his right to the protections contained in the Fourth Amendment. This contention is without merit. While evidence seized in violation of the Fourth Amendment is admissible at a parole revocation hearing, such evidence is not admissible during a criminal trial. Croteau v. State, 334 So.2d 577 (Fla. 1976). See also State v. Heath, 343 So.2d 13 (Fla. 1977).
In view of what we have said, we reverse appellant's conviction and remand the case for proceedings consistent with this opinion.
BOARDMAN, C.J., and OTT, J., concur.
NOTES
[1] Of course, there is no difference in a Fourth Amendment context between the taking of fingerprints and the taking of footprints.