HALL, Judge.
Appellant appeals the judgment and sentence imposed as a result of his violation of probation. Appellant was originally placed on probation for fifteen years as a result of a guilty plea to burglary charges. Upon revocation of probation, the trial judge sentenced appellant to eight years in prison, followed by seven years’ probation, while the guidelines recommended community control or twelve to thirty months’ incarceration.
We find no merit to appellant’s first point on appeal as the guidelines became effective on October 1, 1983, and appellant was convicted of a crime he committed on June 26, 1984. Therefore, appellant has no option to elect the guidelines, and the trial court must sentence him thereunder.
As to appellant’s second point on appeal, the fact that the trial judge failed to set forth his reasons for departure in writing, but relied on the transcript, is error. A transcript of oral statements made by a trial judge upon revocation of probation is insufficient to satisfy the statutory requirement of written reasons for departure. § 921.001(6), Fla.Stat.; State v. Jackson, 478 So.2d 1054 (Fla.1985).
In finding that the trial court erred in sentencing appellant and remanding for re-sentencing, we do not need to reach appellant’s third point on appeal. Should the trial court again determine to depart from the guidelines, it should be guided by the following cases. Hendrix v. State, 475 So.2d 1218 (Fla.1985); Booker v. State, 482 So.2d 414 (Fla.2d DCA 1985).
SCHEB, A.C.J., and LEHAN, J., concur.