491 So.2d 1289 (1986)
Jesse LEE, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1611.
District Court of Appeal of Florida, Second District.
August 1, 1986.
James Marion Moorman, Public Defender, and Joseph Eugene Perrin, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Chief Judge.
In this guidelines case appellant Jesse Lee was adjudicated guilty and placed on probation for aggravated assault. Later he was convicted of aggravated battery. The latter crime formed the basis for a charge that he violated his probation. The trial court adjudicated Lee guilty of violation of probation and aggravated battery and imposed two concurrent sentences of nine years in prison. The first nine-year sentence was for the primary offense of aggravated battery; the second was for the offense for which Lee was on probation. Because of this, the trial judge bumped appellant up into the next higher cell of the guidelines. Appellant contends that this automatic increase into the next higher cell because of the probation revocation was illegal "double-dipping" since points had already been added into his score for being under legal constraint at the time of the primary offense. Appellant would have us find that this double-dipping is contrary to the spirit of Hendrix v. State, 475 So.2d 1218 (Fla. 1985). On the contrary, we believe that it is clearly authorized by the express provisions of Florida Rule of Criminal Procedure 3.701(d)(6) and (14). The court was entitled to increase the sentence to the next higher cell because of the revocation of probation on the aggravated assault. Points were properly scored for legal constraint because appellant was *1290 on probation when he committed the aggravated battery. See Taylor v. State, 485 So.2d 900 (Fla. 4th DCA 1986). Therefore, we find no merit in appellant's first argument and affirm.
On the other hand, we do find merit in appellant's other issue. We agree with appellant that his second sentence, the concurrent nine-year term for the earlier aggravated assault  a third degree felony  is beyond the statutory maximum for that degree of crime. §§ 784.021, 775.082(3)(d), Fla. Stat. (1985). Accordingly, we vacate this portion of the sentence and remand to the trial court with directions to resentence appellant to a term of not more than five years for aggravated assault.
Conviction affirmed; sentence reversed and remanded for resentencing.
GRIMES and SCHEB, JJ., concur.