498 So.2d 1018 (1986)
Daryl Lee MEADOWS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 85-1782, 85-1783.
District Court of Appeal of Florida, Second District.
December 12, 1986.
*1019 James Marion Moorman, Public Defender and Joseph Eugene Perrin, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Meadows appeals his conviction for armed burglary, his sentence for that count and five other counts, and the imposition of a public defender's lien. We affirm his conviction but remand for resentencing and a hearing on the public defender's lien.
Appellant's first point on appeal is without merit. Accordingly, we affirm his conviction for armed burglary.
Appellant's second point on appeal concerns the sentencing for armed burglary as well as other related charges. Prior to the imposition of appellant's sentence, the court held a hearing on appellant's violation of probation of an unrelated case. After finding appellant in violation of probation, sentence was imposed on all of the cases. The proper guidelines range for the applicable offenses was nine to twelve years. Appellant was sentenced to seventeen years on the armed burglary count, with concurrent sentences imposed for the remaining counts. The court listed violation of probation on the scoresheet and sentenced appellant to the maximum term for one cell above his recommended guidelines range. The trial court erred. A trial court has discretion to depart one cell for sentences imposed after a revocation of probation. Fla.R.Crim.P. 3.701(d)(14). The one cell discretionary increase refers to the sentence imposed for the offense for which probation was revoked. It does not authorize a one cell departure for the sentences of any other offenses which are pending at the time of the revocation of probation. Appellant was never on probation for the armed burglary and related charges. The unrelated case upon which defendant's probation was revoked was properly entered into the guidelines scoresheet as an assessment for legal constraint. Lewis v. State, 483 So.2d 749, 750 (Fla. 2d DCA 1986). Accordingly, we vacate appellant's sentence in Case Nos. CF84-3836A1-XX and CF84-4488A1-XX and remand with instructions to resentence appellant within the guidelines unless valid written reasons for departure are set forth.
A review of the record indicates that appellant's third point on appeal has merit as well. Appellant argues that he was not given notice and an opportunity to be heard before the imposition of a public defender's lien at the close of trial. The *1020 record indicates that immediately after the imposition of sentences, the trial court asked the public defender if he had a lien. The public defender did not have one with him but told the court the amount he anticipated asking for. The public defender then asked appellant if he felt the fee was reasonable in light of his services, and appellant merely nodded his head. This dialogue does not comport with the mandate of section 27.56(7), Florida Statutes (1985), and Jenkins v. State, 444 So.2d 947, 950 (Fla. 1984). The record does not indicate whether appellant had notice that a lien would be requested. Indeed, the public defender himself was unprepared for a hearing on a lien. Accordingly, we vacate the public defender's lien. Upon remand, we instruct the trial court that it is to impose a public defender's lien only after complying with the mandate of Jenkins.
Conviction affirmed. Sentence and public defender's lien vacated; remanded with instructions.
SCHEB, A.C.J., and SCHOONOVER, J., concur.