506 So.2d 1125 (1987)
Timothy Fawn CAIN, Appellant,
v.
STATE of Florida, Appellee.
No. BP-75.
District Court of Appeal of Florida, First District.
May 6, 1987.
*1126 Michael Allen, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Royall P. Terry, Jr., Asst. Atty. Gen., for appellee.
MILLS, Judge.
In this sentencing guidelines appeal, Cain contends the trial court erred in sentencing him to 30 months in prison followed by three years probation without giving a reason for departing from the guidelines. We find the total sentence was not a sentence requiring a reason for departure and therefore affirm.
In April 1986, Cain was adjudicated guilty of possession of cocaine. At that time, a category 7 sentencing guidelines scoresheet was prepared indicating a recommended sentence of any nonstate prison sanction. The trial court witheld imposition of sentence and placed Cain on probation for three years.
In July 1986, the State charged Cain with dealing in stolen property and grand theft. An affidavit of violation of probation was filed alleging Cain violated the condition of his probation that he live and remain at liberty without violating any law.
Cain entered into a plea agreement whereby he pleaded guilty to grand theft and admitted violating a condition of probation. The charge of dealing in stolen property was dropped.
A category 6 sentencing guidelines scoresheet was prepared indicating a recommended sentence of any nonstate prison sanction. The grand theft charge was scored as the primary offense at conviction. The possession of cocaine charge was scored as a prior conviction. Points were assessed for probationary status at the time of the primary offense.
The trial court revoked Cain's probation and sentenced him to 30 months in prison for possession of cocaine. At the same time, the trial court adjudicated Cain guilty of second degree grand theft and placed him on probation for three years to follow the 30-month prison sentence. No reason was given for departing from the guidelines.
Cain argues that a reason for departure was required because the total sentence exceeded the recommended sentence of any nonstate prison sanction. He contends that Florida Rule of Criminal Procedure 3.701(d)(14), which allows an elevation to the next higher cell for violation of probation without a reason for departure, does not apply because the category 6 scoresheet included points for possession of cocaine as a prior offense at conviction and points for his probationary status at the time of the grand theft offense.
The state argues that the total sentence did not require a reason for departure because it was imposed under two scoresheets. That is, the 30 months incarceration was within the next higher cell of the recommended sentence under the category 7 scoresheet, and the three years probation was a nonstate prison sanction as recommended in the category 6 scoresheet.
Florida Rule of Criminal Procedure 3.701(d)(1) requires the trial court to use one scoresheet covering all offenses pending before the court for sentencing. We *1127 therefore reject the State's argument that the propriety of the total sentence should be analyzed in terms of the recommended sentences under both scoresheets. The Committee Note to Rule 3.701(d)(5) clarifies the correct procedure:
For any offense where sentence was previously suspended pursuant to the imposition of probation and such offense is now before the court for sentencing, upon a revocation of that probation based upon a subsequent criminal offense (which subsequent offense is also before the court for sentencing at the same time), the earlier offense shall be scored as "prior record" and not as "additional offense."
The above comment contemplates the use of a single scoresheet scoring the subsequent offense as the primary offense at conviction and the offense for which the sentence was previously suspended as prior record. The category six scoresheet in this case conforms to that procedure.
Having determined that only the category 6 scoresheet was properly before the trial court, the question becomes whether, under that scoresheet, the total sentence for both offenses was a departure requiring a written reason. We reject Cain's contention that, because the offense for which he was originally placed on probation and his probationary status were taken into account in arriving at the recommended sentence, the recommended sentence of any nonstate prison sanction could not be increased to the next higher cell (community control or 12 to 30 months incarceration) without a reason therefor. We subscribe to the opinion of our sister court in Lee v. State, 491 So.2d 1289 (Fla. 2d DCA 1986), that this procedure is clearly authorized by the express provisions of Rule 3.701(d)(6) and (14), and is not the kind of double-dipping condemned in Hendrix v. State, 475 So.2d 1218 (Fla. 1985).
Finally, the total sentence was proper because the incarcerative portion of the sentence was within the permissible next higher cell for category 6 offenses, and the total sanction did not exceed the maximum term provided by general law. Such a split sentence is not a departure sentence. See Committee Note to Florida Rule of Criminal Procedure 3.701(d)(12); Boylan v. State, 489 So.2d 110 (Fla. 4th DCA 1986); Francis v. State, 487 So.2d 348 (Fla. 2d DCA 1986), rev. den. 492 So.2d 1332 (Fla. 1986); Bell v. State, 479 So.2d 309 (Fla. 5th DCA 1985).
AFFIRMED.
ERVIN and WIGGINTON, JJ., concur.