513 So.2d 794 (1987)
Ronnie GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 87-0365.
District Court of Appeal of Florida, Fourth District.
October 14, 1987.
*795 Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Eddie J. Bell, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
The trial court, pursuant to an earlier possession and sale of cocaine conviction, imposed a sentence which was one cell above the recommended guidelines range, indicating on the sentencing scoresheet, that it was doing so because of a "violation of probation." However, the "violation of probation" referred to was not probation for the possession and sale of cocaine conviction, but for another distinct crime of which appellant had also been convicted.
Florida Rule of Criminal Procedure 3.701(d)(14) appears to intend a one cell upward departure for sentences relating to the crime for which the probation was revoked. Meadows v. State, 498 So.2d 1018 (Fla. 2d DCA 1986).
Accordingly, we reverse and remand for resentencing within the guidelines.
REVERSED AND REMANDED.
ANSTEAD, LETTS and GUNTHER, JJ., concur.