516 So.2d 60 (1987)
Edward Paul PETERS, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1864.
District Court of Appeal of Florida, Second District.
December 2, 1987.
James Marion Moorman, Public Defender and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant raises two points regarding his sentence. We find both without merit.
The first contention is that it was error for the trial court to "bump up" the sentence one cell for violation of community control in a case where appellant was being sentenced for a new substantive offense. Appellant relies on Meadows v. State, 498 So.2d 1018 (Fla. 2d DCA 1986). However, Meadows was receded from, en banc, in Frick v. State, 510 So.2d 1077 (Fla. 2d DCA 1987), and the "bump up" was proper.
The appellant next contends that the "bump up" for violation of community control was not authorized until an amendment to the sentencing guidelines which occurred after the dates when the appellant's offenses were committed. See Fla.R. Crim.P. 3.701(d)(14). Thus, it is contended that the "bump up" is violative of the prohibition against ex post facto penalties. See Miller v. Florida, ___ U.S. ___, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987). We disagree. At the time the appellant was placed in community control, the trial court possessed the power to depart from the presumptive range and impose a sentence more severe than that contemplated by the scoresheet's computation in the event community control were violated. Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984). Had the amendment introducing rule 3.701(d)(14) into the guidelines not been adopted, the trial court would have been *61 free to impose an enhanced sentence limited only by the strictures of rule 3.701(d)(11). Thus, the effect of rule 3.701(d)(14) is to confine enhancement in the context of a single violation of probation or community control to the next higher cell. We find the enhancement of Peters' sentence through a "bump up," as opposed to a "departure," harmless error.
Affirmed.
RYDER, A.C.J., and LEHAN and FRANK, JJ., concur.