RYDER, Judge.
Appellant was charged with burglary of a dwelling and petit theft. In return for a sentence of fifteen years’ probation, appellant pleaded guilty and agreed to waive his right to be sentenced under the guidelines should his probation be revoked. Seven months later, appellant was charged with, and found guilty of, violating his probation, and the trial court sentenced him to eight years’ imprisonment followed by seven years’ probation. Appellant appealed, and this court reversed and remanded for re-sentencing because the trial court had failed to enter written reasons for departing from the presumptive guidelines range of community control or twelve-to-thirty months’ incarceration. Fine v. State, 489 So.2d 846 (Fla. 2d DCA 1986). In resen-tencing appellant, the trial court reaffirmed its previous sentence and entered a written order stating that the departure from the presumptive guidelines sentence was based on appellant’s waiver of his right to be sentenced under the guidelines. The instant appeal followed. We reverse appellant’s sentence once more.
The trial court’s reason for departure is clearly invalid based upon the reasoning set forth in Henry v. State, 498 So.2d 1006 (Fla. 2d DCA 1986), which we note has facts closely paralleling the facts of this case. Appellant also argues that his sentence cannot be increased one cell pursuant to subsection (d)(14) of Florida Rule of Criminal Procedure 3.701 because the offense for which he is being sentenced occurred prior to the effective date of that subsection. We need not reach this point.[1] The trial court in this case has had two opportunities to depart from the presumptive guidelines sentence. We will not allow the trial court a third opportunity under either a “bump up” pursuant to rule 3.701(d)(14) or written reasons for departure.
We reverse appellant’s sentence and remand for resentencing within the presumptive guidelines range. Appellant represents to us that he has already served more time than the maximum allowed under the guidelines, and requests that we order his immediate release from prison. This we decline to do. The trial court is better suited to make the factual determination of the amount of time appellant has served. Of course, if he has served time equal to or greater than the maximum sentence, he should be released immediately.
Reversed and remanded with instructions.
DANAHY, C.J. and HALL, J., concur.

. For a discussion of this argument, see Peters v. State, 516 So.2d 60 (Fla. 2d DCA 1987).