COBB, Judge.
Ronald Cummins was placed on three years’ probation in October, 1985, for the offense of dealing in stolen property.[1] In November, 1986, Cummins was arrested for grand theft.[2] Cummins pled guilty to the grand theft charge and admitted the probation violation. The trial court, relying on Florida Rule of Criminal Procedure 3.701(d)(14), increased the sentence in each case to the next higher cell without written reasons for departure. This was error. The automatic one-cell departure of Rule 3.701(d)(14) only applies to the sentence imposed for the earlier offense for which probation was revoked (dealing in stolen property), not for the subsequent offense (grand theft) which constitutes the probation violation.
Accordingly, we reverse the sentence imposed in Case No. 86-7793, and remand for resentencing within the recommended guidelines range of twelve to thirty months, unless valid reasons for departure are set forth in writing.
SENTENCE REVERSED; REMANDED.
SHARP, C.J., and COWART, J., concur.

. Circuit Court Case No. 85-5160.

. Circuit Court Case No. 86-7793.