HALL, Judge.
Darrell Peterson appeals from the sentence imposed upon him following revocation of his probation. He argues that the trial court erred in increasing his sentence one cell for revocation of probation and that his sentence contains a scrivener’s error. We affirm the appellant’s judgment and sentence but remand for correction of the scrivener’s error.
On January 20, 1986, the appellant pled guilty to charges of possession of cocaine and possession of cannabis and was placed on probation for three years. In February 1987 he was charged with sale and possession of cocaine and with violation of probation. In March 1987 the appellant was charged with two counts of sale of a counterfeit substance.
On April 13,1987, the appellant pled nolo contendere to all charges against him. The sale of cocaine was used as the primary offense in calculating the presumptive guidelines sentence. The appellant’s score included points for legal constraint since the appellant was on probation for possession of cocaine at the time he committed the other offenses. The appellant’s score fell into the twelve to thirty months’ incarceration or community control range; however, it was increased on the scoresheet to the next higher category of two and one-half to three and one-half years because of the appellant’s violation of probation. The trial court sentenced the appellant to two and one-half years in prison; the sentences for all offenses to run concurrently.
The appellant contends that the trial court erred in bumping up his sentence one cell for violation of probation. He cites Green v. State, 513 So.2d 794 (Fla. 4th DCA 1987), in support of his argument.
The Fourth District in Green followed this court’s decision in Meadows v. State, 498 So.2d 1018 (Fla. 2d DCA 1986), in which we held that since the defendant was not on probation for the primary offense and did not violate probation for that offense, points could be included for legal constraint, but a one cell bump for violation of probation was impermissible. We receded from Meadows in Frick v. State, 510 So.2d 1077 (Fla. 2d DCA 1987).
The appellant was on probation at the time the sale of cocaine, the primary *475 offense, was committed; therefore, points were properly scored for legal constraint. In addition, the appellant’s probation for possession of cocaine was revoked. An increase of one cell after revocation of probation is clearly authorized by Florida Rule of Criminal Procedure 3.701(d)(14). Lee v. State, 491 So.2d 1289 (Fla. 2d DCA 1986). See also, Pearson v. State, 514 So.2d 374 (Fla. 2d DCA 1987); Cain v. State, 506 So.2d 1125 (Fla. 1st DCA 1987).
Even if we were to agree with the appellant’s argument and follow Green and Meadows, the appellant’s sentence of two and one-half years is within the recommended range of twelve to thirty months and does not constitute a departure sentence. Accordingly, the appellant’s sentence is affirmed.
The appellant’s second contention that his judgment and sentence contains a scrivener’s error has merit. The trial court orally sentenced the appellant to two and one-half years for possession of cocaine, a third degree felony, and to time served for possession of cannabis, a first degree misdemeanor; however, the written judgment and sentence incorrectly list the misdemeanor as a felony and the sentence reflects a term of two and one-half years for that offense. Therefore, we remand this case for correction of the judgment and sentence to reflect that possession of canni-bis is a first degree misdemeanor and that the appellant was sentenced to time served, 212 days, for that offense.
Affirmed in part; reversed and remanded with directions.
SCHEB, A.C.J., and CAMPBELL, J., concur.