524 So.2d 1141 (1988)
Charles BRAXTON, Sr., Appellant,
v.
STATE of Florida, Appellee.
No. 87-1316.
District Court of Appeal of Florida, Second District.
May 13, 1988.
James Marion Moorman, Public Defender, and Robert F. Moeller, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph R. Bryant, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
We reverse defendant's conviction for possession of a firearm by a convicted felon. We agree with defendant's contention that the trial court erred in denying defendant's motion to suppress a firearm found during a warrantless search of his home. Defendant was on community control, and the search was conducted by officers including defendant's community control officer. As a result of the search, defendant was charged with the criminal offense from his conviction for which he is now appealing.
While the product of a warrantless search of a jail inmate's cell is admissible in evidence, Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), the product of a warrantless search of a probationer's home is not admissible to prove a new criminal offense. Grubbs v. State, 373 So.2d 905 (Fla. 1979); Croteau v. State, 334 So.2d 577 (Fla. 1976). Community control is "a harsh and more severe alternative to ordinary probation," State v. Mestas, 507 So.2d 587, 588 (Fla. 1987), but for present purposes we do not equate community control with incarceration. For these purposes we think community control should be considered akin to parole. A parolee does not, by accepting parole, give up his Fourth Amendment rights. Kinsler v. State, 360 So.2d 24, 25 (Fla. 2d DCA 1978). "While evidence seized in violation of the Fourth Amendment is admissible at a parole revocation hearing, such evidence is not admissible during a criminal trial." Id., citing Croteau.
The conviction is reversed.
SCHOONOVER, A.C.J., and LEHAN and FRANK, JJ., concur.