ZEHMER, Judge.
This is an appeal from a sentence imposed for appellant’s violation of probation and for the subsequent offense which formed the basis of the violation of probation.[1] Appellant asserts as error the lower court’s one cell upward departure from the recommended guidelines sentence for these two offenses. The pertinent facts are as follows.
In 1982, upon being convicted of burglary, appellant was placed on three years probation. He violated the probation imposed for the 1982 conviction on three occasions: in 1983 he was convicted of petit theft; in 1985 he was convicted of burglary, and in 1986 he was convicted of armed robbery with a firearm. The 1983 and 1985 convictions resulted in sentences with new terms and conditions of probation for the 1982 conviction. This appeal involves the sentence imposed for the 1986 conviction and for the resulting violation of probation for the 1982 conviction.
When the instant sentence was imposed, a single scoresheet was used in calculating the recommended guidelines sentence for both convictions, scoring the armed robbery offense as the primary offense at conviction and the burglary offense as pri- or record. Additional points were scored for legal constraint because defendant was on probation when he committed the armed robbery. The recommended guidelines sentence so calculated ranged from h-k to 7 years incarceration; however, the court increased the sentence to the next higher cell, 7 to 9 years, and imposed an 8 year sentence of imprisonment without setting forth any written reasons for departure.
Appellant asserts that the lower court erred in increasing the sentence to the next *324 higher cell, arguing that rule 3.701(d)(14) permits a one cell “bump-up” only for a violation of probation, and not for the sentence on the subsequent offense as in the instant case. Although appellant concedes that our prior decision in Cain v. State, 506 So.2d 1125 (Fla. 1st DCA 1987) controls this case, he asks that we recede from Cain because of the decisions in Meadows v. State, 498 So.2d 1018 (Fla. 2d DCA 1986); Green v. State, 513 So.2d 794 (Fla. 4th DCA 1987), and Cummins v. State, 519 So.2d 718 (Fla. 5th DCA 1988). We decline to do so.
Rule 3.701(d)(14), Fla.R.Cr.P., provides Sentences imposed after revocation of probation or community control must be in accordance with the guidelines. The sentence imposed after revocation of probation or community control may be included within the original cell (guidelines range) or may be increased to the next higher cell (guidelines range) without requiring a reason for departure.
Rule 3.701(d)(1), Fla.R.Cr.P., requires that the sentencing court use one scoresheet covering all offenses pending before the court for sentencing; in applying Rule 3.701(d)(14) when sentencing on a new conviction as well as the offense for which the defendant was serving probation, the court must necessarily refer to this single score-sheet. In this case, the subsequent offense which forms the basis for the revocation of probation, the armed robbery, is scored as the primary offense at conviction, and the offense for which the sentence was previously suspended, the burglary, is scored as prior record. Points may properly be scored for legal constraint when, as here, the defendant commits the subsequent offense while on probation. Taylor v. State, 485 So.2d 900 (Fla. 4th DCA 1986). Upon calculating the points and arriving at a recommended sentence on this single score-sheet, rule 3.701(d)(14) allows the court to increase that sentence to the next higher cell because of the revocation of probation. See Cain v. State, 506 So.2d 1125 (Fla. 1st DCA 1987); Lee v. State, 491 So.2d 1289 (Fla. 2d DCA 1986). To the extent that our holding in this case and in Cain appears to be inconsistent with Meadows, Cummins, and Green, we decline to follow those decisions.[2]
AFFIRMED.
SMITH, C.J., and JOANOS, J., concur.

. This case was before the court on a previous appeal. Stokes v. State, 512 So.2d 290 (Fla. 1st DCA 1987). The arguments now made to this court were neither made nor considered by the court in that decision.

. In those instances where a violation of probation does not involve the commission of a subsequent offense, the sentence that may be imposed is determined in accordance with the scoresheet prepared at the time the defendant was originally placed on probation and rule 3.701(d)(14) permitting a one cell upward departure from the recommended guidelines sentence.