531 So.2d 121 (1988)
Edward Paul PETERS, Petitioner,
v.
STATE of Florida, Respondent.
No. 71609.
Supreme Court of Florida.
September 1, 1988.
James Marion Moorman, Public Defender and Stephen Krosschell, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for petitioner.
Robert A. Butterworth, Atty. Gen. and David R. Gemmer, Asst. Atty. Gen., Tampa, for respondent.
*122 KOGAN, Justice.
We have for review a decision of the Second District Court of Appeal in Peters v. State, 516 So.2d 60 (Fla. 2d DCA 1987), which is in direct and express conflict with Cummins v. State, 519 So.2d 718 (Fla. 5th DCA 1988), and Green v. State, 513 So.2d 794 (Fla. 4th DCA 1987). We have jurisdiction, article V, section 3(b)(3), of the Florida Constitution, and we approve the decision of the Second District Court of Appeal.
The petitioner, Edward Peters, has an extensive history of selling marijuana. A brief chronology of this history is necessary in order to determine the appropriate punishment for Mr. Peters. On October 28, 1983, Peters was arrested and charged with one count of sale of a controlled substance, two counts of possession of a controlled substance, and one count of possession of drug paraphernalia. On March 22, 1984, he pled guilty to the sale of marijuana charge and one of the possession of marijuana counts and the state nolle prossed the other two counts. Adjudication was withheld and the trial court placed Peters on probation for three years pursuant to the guidelines recommendation of any nonstate prison sanction.
On July 24, 1984, Peters was again arrested and charged with possession of marijuana. The state filed an affidavit of violation of probation alleging Peters had failed to pay the costs of supervision and had been arrested for felony possession of marijuana. Peters pled guilty to the new substantive charge and admitted the probation violation. He was adjudicated guilty of the new charge, as well as of the October 1983 charges for which adjudication had been withheld, and was placed on community control for two years pursuant to a guidelines scoresheet recommending community control or 12-30 months in prison.
On November 26, 1985, Peters was charged with selling marijuana and possession of marijuana with intent to sell. The state filed another affidavit of violation of probation alleging that Peters had sold marijuana and had been away from home at an unauthorized time. On July 3, 1986, Peters pled nolo contendere to the November 1985 charges and was adjudicated guilty. The trial judge sentenced him consecutively to three years incarceration, a one-cell increase from the guidelines scoresheet recommendation of 12-30 months incarceration.
At the bottom of the scoresheet the trial judge listed the violation of community control as the reason for the higher sentence. The longer prison term was justified by rule 3.701(d)(14) of the Florida Rules of Criminal Procedure, which allows sentencing judges to "bump up" sentences from one cell to the next highest cell where a defendant has violated probation or community control.
Peters argues that it was error for the trial judge to increase the sentence one cell for violation of community control in a case which Peters was being sentenced to a new substantive offense. In addition, Peters contends that rule 3.701(d)(14) was applied contrary to the ex post facto clauses of the United States and Florida Constitutions. The Second District Court of Appeal rejected these contentions, and Peters petitioned this Court to review that decision.
Essentially, Peters argues that the one cell "bump-up" for a new substantive offense has already been accounted for in the guidelines scoresheet under the category of "legal constraint." Hendrix v. State, 475 So.2d 1218 (Fla. 1985). We disagree. If a defendant is sentenced upon a violation of probation, the computation on the guidelines scoresheet should not include legal constraint because the defendant was not under legal constraint when he committed the crime. However, under rule 3.701(d)(14) the sentence may be increased one cell without requiring a reason for departure. On the other hand, when a defendant is sentenced only for a crime committed while he was already on probation, points should be added for legal constraint. However the one cell increase provided by rule 3.701(d)(14) is inapplicable because there has been no revocation of probation.
The problem in this case occurs because Peters is being sentenced at the same time both for crimes for which he was previously *123 placed on probation and for new crimes. In the preparation of a single scoresheet, points may be added for legal constraint because the new crimes were committed at a time when Peters was on probation. Moreover, the judge is at liberty to "bump" the sentence one cell above the guidelines range because Peters is also being sentenced for crimes for which he was originally placed on community control but has now violated. Since the adverse consequences arise from different circumstances, there is no double dipping.
Rule 3.701(d)(14) states that "[t]he sentence imposed after revocation of probation or community control may be included within the original cell (guidelines range) or may be increased to the next higher cell (guidelines range) without requiring a reason for departure." Fla.R.Crim.P. 3.701(d)(14). Peters contends this language implies that the one cell departure for sentences imposed after revocation of probation relates to the crime for which the probation was revoked. In other words, Peters argues the one cell upward departure was intended to be imposed for the earlier offense for which probation had been revoked.[1]Cummins v. State, 519 So.2d 718 (Fla. 5th DCA 1988); Green v. State, 513 So.2d 794 (Fla. 4th DCA 1987); Meadows v. State, 498 So.2d 1018 (Fla. 2d DCA 1986), receded from en banc, Frick v. State, 510 So.2d 1077 (Fla. 2d DCA 1987). Contra Peterson v. State, 524 So.2d 473 (Fla. 2d DCA 1988).
While we agree the language in rule 3.701(d)(14) may be ambiguous, we do not believe it mandates the result urged by Peters. As there are no committee notes accompanying the provision, it is difficult to determine precisely what was intended. In Peters' case, the bump-up sentence was imposed after the revocation of community control, and pursuant to the violation of that community control. This is all that the rule requires for a one cell increase. Peters was sentenced both for the original substantive crime for which he had been placed on 21 community control as well as the crimes which comprise the violation of community control. Accordingly, the sentencing judge properly calculated points for legal constraint into the guidelines range and was also free to increase the sentence by one cell for violation of community control.
If there is any overriding purpose behind the sentencing guidelines it is that the guidelines be used to punish repeat offenders more severely than first-time offenders. Under the guidelines, Peters is precisely the type of criminal defendant for whom harsher treatment was intended. His persistent habit of selling marijuana to police officers denotes a lack of ability or desire to conform his conduct to the requirements of law.
Finally, Peters argues that imposition of a sentence pursuant to rule 3.701(d)(14) violates the ex post facto provisions of the United States and Florida Constitutions. See Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987). Rule 3.701(d)(14) went into effect on July 1, 1984, which was after commission of the crimes for which Peters was placed on probation in March 1984. However, even prior to the promulgation of rule 3.701(d)(14), the trial court possessed the power to depart from the guidelines for violation of a substantive condition of probation.[2]Hall v. State, 478 So.2d 385 (Fla. 2d DCA 1985), review denied, 488 So.2d 68 (Fla. 1986); Tucker v. State, 464 So.2d 211 (Fla. 3d DCA 1985), disapproved on other grounds, State v. Whitfield, 487 So.2d 1045 (Fla. 1986); Addison v. State, 452 So.2d 955 (Fla. 2d DCA 1984); Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984).
*124 Thus, there was no ex post facto violation as Peters was not penalized to a greater extent by use of rule 3.701(d)(14) than he would have been had the rule not been enacted.
Accordingly, we approve the opinion of the Second District Court of Appeal. To the extent they are in conflict with this opinion, we disapprove Cummins v. State, 519 So.2d 718 (Fla. 5th DCA 1988) and Green v. State, 513 So.2d 794 (Fla. 4th DCA 1987).
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, BARKETT and GRIMES, JJ., concur.
McDONALD, J., concurs in result only.
NOTES
[1] As a corollary, Peters urges that the single cell "bump up" be considered a departure sentence. Because no reason for departure is required by rule 3.701(d)(14), we believe that the bump up is not a departure from the guidelines, but rather discretionary increase in the presumptive guidelines range.
[2] It is of no consequence that this departure was based solely on a notation at the bottom of the scoresheet that Peters had violated his probation. We have recently held that such a notation sufficiently satisfies the requirement that reasons for departure must be clear and convincing and in writing. Torres-Arboledo v. State, 524 So.2d 403 (Fla. 1988).