553 So.2d 1331 (1989)
Leroy SWAIN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 88-2399.
District Court of Appeal of Florida, First District.
December 15, 1989.
*1332 Michael E. Allen, Public Defender, and Phil Patterson, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Carolyn J. Mosley, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Leroy Swain, Jr. (appellant) appeals the trial court's sentencing disposition predicated upon his plea of nolo contendere to allegations of violations of community control. The issues are (1) whether appellant's new sentence should be credited with all time previously served, including earned gain time and time spent on community control; and (2) whether the sentence imposed constituted an impermissible departure from the recommended guidelines sentencing range. We affirm in part, and reverse in part.
On March 5, 1985, appellant was sentenced to serve three five-year concurrent sentences for attempted arson, burglary of a structure, and grand theft, together with a concurrent six-year sentence for arson. In addition, each sentence was to be followed by eighteen months of community control. On July 28, 1988, an affidavit of community control violation was filed, alleging violations of community control as to each of the convictions. Appellant pled nolo contendere to the alleged violations. The presumptive guidelines score translated to a recommended sentence of five and one-half to seven years. The trial court imposed concurrent sentences of nine years, and credited the sentences with the 1,014 days appellant actually served on the original sentence. The sentencing scoresheet bears the notation "may be raised one cell due to violation."
Appellant contends that the trial court was required to award credit for the 1,014 days he actually served, together with gain time accrued during the five and six year sentences, as well as the 161 days he spent under community control supervision. The state concedes that under Green v. State, 539 So.2d 484 (Fla. 1st DCA 1988), decided four months after the resentencing in this case, appellant is entitled to credit for "earned gain time" on his new sentence. The question of credit for gain time earned during incarceration has now been settled by the Florida Supreme Court. See State v. Green, 547 So.2d 925 (Fla. 1989).
*1333 Nevertheless, we reject appellant's contention that he is entitled to credit the time spent in community control supervision against his new sentence. Community control is defined in section 948.001(1), Florida Statutes (1987), as 
a form of intensive, supervised custody in the community, including surveillance on weekends and holidays, administered by officers with restricted caseloads. Community control is an individualized program in which the freedom of an individual is restricted within the community, home, or noninstitutional residential placement and specific sanctions are imposed and enforced.
See also Florida Rule of Criminal Procedure 3.701(d)(13), which defines community control as "a form of intensive supervised custody in the community involving restriction of the freedom of the offender." Thus, community control is something of a hybrid concept, in that it is less restrictive than prison, but is considered more severe and harsh than ordinary probation. See State v. Mestas, 507 So.2d 587, 588 (Fla. 1987), quashed on other grounds in Welch v. State, 536 So.2d 225 (Fla. 1988); Stranigan v. State, 457 So.2d 546 (Fla. 2d DCA 1984).
In Tal-Mason v. State, 515 So.2d 738 (Fla. 1987), in its consideration of the degrees of coerciveness exerted by different forms of supervision and detention, the court found that involuntary commitment to a mental institution for determination of competency to stand trial equates to jail time for purposes of credit against a subsequently imposed sentence. In the context of live-in rehabilitation programs, however, the court reaffirmed the position taken in Pennington v. State, 398 So.2d 815, 817 (Fla. 1981). In Pennington, the court held that a probationer is not entitled to credit for time spent in a live-in rehabilitation program, because such program is in the nature of a contract between the probationer and the state, thereby involving choice and a freer, less restrictive environment than jail or prison. See also Mathews v. State, 529 So.2d 361, 362 (Fla. 2d DCA 1988), holding that community control is not the functional equivalent of jail for purposes of credit for time served.[1]
Although the supreme court has emphasized the more restrictive nature of community control when compared to probation, in practice, community control is considerably less restrictive than jail or involuntary commitment to a mental hospital. For example, though required to reside in a restitution center for a period of time, appellant in this case was employed and presumably traveled to and from work without undue restriction. Therefore, we conclude that appellant is not entitled to credit for time spent in community control against the new sentence imposed after he violated the conditions of his community control.
With regard to the second issue, appellant contends that since the underlying offenses were committed on November 17, 1984, the trial court was required to sentence him under the sentencing guidelines as they existed in 1984. Appellant further contends that because the rule permitting a one-cell increase in the recommended sentencing range did not exist in 1984 when appellant committed the instant offenses, application of the rule in this case violates the proscription against ex post facto laws. Carrying the argument to its natural conclusion, appellant asserts that the notation on the scoresheet to the effect that the recommended sentence may be increased one cell due to violation of community control constitutes an invalid departure reason, therefore he is entitled to be resentenced *1334 within the recommended guidelines range pursuant to Shull v. Dugger, 515 So.2d 748 (Fla. 1987).
Effective July 9, 1986, Florida Rule of Criminal Procedure 3.701(d)14 was amended to add the phrase "or community control." See ch. 86-273, § 2, Laws of Fla.; The Florida Bar Re: Rules of Criminal Procedure (Sentencing Guidelines, 3.701, 3.988), 482 So.2d 311, 312 (Fla. 1985). The rule as amended provides:
Sentences imposed after revocation of probation or community control must be in accordance with the guidelines. The sentence imposed after revocation of probation or community control may be included within the original cell (guidelines range) or may be increased to the next higher cell (guidelines range) without requiring a reason for departure.
In Peters v. State, 516 So.2d 60 (Fla. 2d DCA 1987), approved, 531 So.2d 121 (Fla. 1988), the court considered the argument advanced by appellant in connection with the second issue in this appeal, i.e., whether a one cell increase for violation of community control constitutes an impermissible ex post facto penalty when applied to offenses committed before the effective date of the rule. See Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987). The court noted that at the time Peters was placed in community control, the trial court was authorized to depart from the presumptive guidelines range and impose a sentence more severe than that indicated by the scoresheet computation, if community control were violated. The court reasoned:
[h]ad the amendment introducing rule 3.701(d)(14) into the guidelines not been adopted, the trial court would have been free to impose an enhanced sentence limited only by the strictures of rule 3.701(d)(11). Thus, the effect of rule 3.701(d)(14) is to confine enhancement in the context of a single violation of probation or community control to the next higher cell. We find the enhancement of Peters' sentence through a "bump up," as opposed to a "departure," harmless error.
516 So.2d 60-61. The supreme court agreed, noting "there was no ex post facto violation as Peters was not penalized to a greater extent by use of rule 3.701(d)(14) than he would have been had the rule not been enacted." 531 So.2d at 124.
We reject appellant's contention that Shull v. Dugger, 515 So.2d 748 (Fla. 1987), prohibits a departure sentence if it is determined that resentencing is required in this case. The premise for appellant's argument is that the notation on the scoresheet concerning a one cell increase constitutes an invalid departure reason. We disagree. The notation appears on the right side of the scoresheet, directly under the recommended sentencing range resulting from appellant's point total. If the trial court had considered the one cell increase a departure, the notation would have appeared at the bottom left side of the scoresheet, under the heading "Reasons for departure." This court has held that where the trial court inadvertently imposed what is, in effect, a departure sentence without providing reasons, on remand for resentencing the trial court is not precluded from departing from the presumptive guidelines sentence. See Roberts v. State, 547 So.2d 129 (Fla. 1989), approving Roberts v. State, 534 So.2d 1225 (Fla. 1st DCA 1988) and Brown v. State, 535 So.2d 332 (Fla. 1st DCA 1988). See also Jones v. State, 14 F.L.W. 579 (Fla. Nov. 22, 1989).
In this case, as in Peters, at the time that appellant committed his offenses, the trial court could have increased his recommended sentences more than one cell, provided the departure was in compliance with Florida Rule of Criminal Procedure 3.701(d)11. Therefore, pursuant to the Peters analysis, the one cell increase imposed in this case for violation of community control could be affirmed on the basis of harmless error. By the same token, pursuant to the Roberts analysis, the case could be remanded for resentencing to a departure sentence in compliance with Florida Rule of *1335 Criminal Procedure 3.701(d)11. We find the Peters rationale applicable in the circumstances of this case, and affirm the one cell increase imposed by the trial court after revocation of appellant's community control.
In summary, we find that appellant is entitled to credit accrued earned gain time against the new sentence imposed after revocation of his community control. However, appellant is not entitled to receive credit for time spent in community control. We also affirm the one cell increase which resulted in a nine year sentence.
Accordingly, we reverse that portion of the sentence which limits credit for time served to 1,014 days, and remand with directions to award credit for appellant's earned gain time as well. In all other respects, the trial court's sentencing disposition is affirmed.
BOOTH and BARFIELD, JJ., concur.
NOTES
[1] In a related context, in In the Interest of B.A., 546 So.2d 125 (Fla. 1st DCA 1989), this court concluded that a community control sentence is not the functional equivalent of imprisonment against which credit is mandated, pursuant to section 921.161, Florida Statutes, for time served in confinement pending disposition of the case. See also Braxton v. State, 524 So.2d 1141 (Fla. 2d DCA 1988), in which the court refused to equate community control with jail for Fourth Amendment purposes, thereby denying the admissibility of evidence found during a warrantless search of the controllee's home.