HARRIS, Judge.
Dale Williams appeals the sentence imposed after his plea of guilty to violation of probation and nolo contendere to two counts of possession of cocaine. He concedes that the sentence is within the guideline range but urges that the sentencing judge erred by refusing to grant his request to bump his sentence up one cell in lieu of extensive additional probation. He contends the judge was unaware of his authority in this case to not only add legal constraint points in the scoresheet because of the probation, but also to bump up one cell because of the violation of that probation.[1]
The trial judge was concerned that serving an additional four months in prison would not offset the lengthy probation, and appellant urges that the judge might change his mind if he realizes that he has the additional cell because of the violation. Not only is this contention fraught with danger[2], it does not state an appealable issue. See § 924.06(1), Fla.Stat. (1987). The sentence is affirmed.
Appellant also contends, and the State agrees, that he was not given the appropriate credit for time served. We reverse that portion of the sentence and remand for reconsideration of credit for time served.
AFFIRMED in part; REVERSED in part; REMANDED.
COBB and W. SHARP, JJ., concur.

. Peters v. State, 531 So.2d 121 (Fla.1988).

. It seems more likely that if the judge were previously unaware of his authority to use the automatic bump because of the violation, he would now do so — and still impose a lengthy probation.